HOOD, Judge.
William G. Bourdier, Fils, instituted this suit against The Travelers Insurance Company for damages sustained by him as the result of an automobile collision. Judgment was rendered by the trial court in favor of plaintiff, awarding him $1500.00 as general damages and $2,311.20 as special damages. Defendant has appealed, contending that the awards are excessive, and plaintiff has answered the appeal praying that the awards be increased.
The only issue presented on this appeal relates to quantum.
The accident occurred on April 8, 1972, at the intersection of a heavily traveled highway and a city street in Opelousas, Louisiana. While plaintiff was driving south on the highway, the left side of his car was struck with considerable force by an automobile being driven west by defendant’s insured. The blow caused plaintiff’s car to be knocked several feet west of the point of impact, and to collide with a third vehicle. Plaintiff contends that as a result of that accident he sustained injuries to his head, left knee and left leg.
The evidence shows that when the vehicles collided plaintiff sustained a blow to his head, causing a lump to appear on the top of his head, and causing his lip to bleed and to become swollen. He also sustained bruises and contusions on his left knee and left thigh. The lump on his head, the injury to his lip, and the objective signs of the bruises and contusions disappeared within two or three days after the accident occurred.
*611 Plaintiff testified that he was shaken up in the accident, that he experienced pain in his head immediately after the collision occurred, and that he has continued to suffer from headaches since the date of the accident. He stated that his left leg began to pain him the day after the accident occurred, and that the pain became progressively more severe until surgery was performed on his left leg in September, 1972. He did not lose consciousness at the time the accident occurred, although he felt dizzy for about an hour, and he was not hospitalized following the accident until he submitted to surgery about five months later. The evidence shows that plaintiff began limping immediately after the accident occurred, and he has walked with a limp since that time. He did not limp and had had no trouble with his leg before the accident, except on one brief occasion after he had been sitting in a cramped position on the floor for several hours.
Dr. Donald Gremillion, a specialist in internal medicine, examined plaintiff on April 18, 1972, about ten days after the accident occurred. He felt that plaintiff had “left knee joint pain, post traumatic.” His x-ray examination revealed that plaintiff had a “radial lucid lesion” involving the upper tibia, in the area of the knee, and he thereupon referred plaintiff to Dr. Fred C. Webre, an orthopaedic surgeon.
Dr. Webre examined plaintiff on April 26, 1972, and found no evidence of impairment, damage or internal derangement of the knee. He stated, however, that plaintiff had a fibrous, benign bone tumor in the area of the left knee, and he recommended that it be biopsied. He performed the recommended surgery on September 12, 1972, which included the excision of the bone tumor and the performance of a bone graft. The doctor testified that the wounds healed well and that the surgery was successful. He felt that the tumor was not caused or aggravated by the trauma which plaintiff sustained on April 8, 1972. He conceded, however, that if plaintiff complained of pain to the knee and leg immediately after the accident, it could indicate that he had sustained a trauma to the knee sufficient to aggravate the condition.
The trial judge found that “the lesion, and the subsequent operation therefor, was in no way caused by the wreck, or accelerated by same.” He, however, attributes the leg pain and the limp which plaintiff experienced after the accident “to the fact that it was bruised and brush burned from the thigh down the leg, rather than to the lesion.” The court held that because of the double impact, the blow on the head, the resulting headaches, the bruising of his leg, limping, and the actual shock from the two blows while riding in the car, the plaintiff should be awarded $1,500.00.
We think the evidence supports the conclusions reached by the trial judge as to the nature and extent of plaintiff’s injuries, and we conclude that the amount awarded to plaintiff as general damages is within the realm of the discretion vested in the trial court.
Defendant contends also that the trial judge erred in fixing the salvage value of plaintiff’s automobile at $375.00, instead of $463.75, as estimated by the expert appraiser called by defendant. This is the only issue raised as to the award of special damages.
Two experts expressed opinions as to the salvage value of plaintiff’s wrecked car. One called by plaintiff valued it at $275.00, while the other called by defendant valued it at $463.75. The trial judge refused to accept the testimony of either. Instead, he apparently averaged the appraisals, and fixed the salvage value of the car at $375.-00. We cannot say that he erred in arriving at that figure.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.